Douglas W. Robinson  (CA SBN: 255909)
dwrobinson@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California  92614-2546
Telephone:   949-475-1500
Facsimile:   949-475-0016

Attorneys for Specially-Appearing
Applicant Huawei Technologies Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of HIGH POINT, S.A.R.L. Pursuant to 28 U.S.C. § 1782,<br><br>Applicant. | Case No.:  10-CV-00273-SBA<br><br>**EX PARTE APPLICATION OF SPECIALLY-APPEARING APPLICANT HUAWEI TECHNOLOGIES CO., LTD. TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER OR, ALTERNATIVELY, FOR STAY OF DEPOSITION AND PRODUCTION DATES PENDING HEARING ON MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**<br><br>**[Filed concurrently with Declarations of Bill Lynch, Tingting Hou, Gao Feng, and Zhang Yu in Support of Application and [Proposed] Order]**<br><br>**(TBD by Court)**<br>Date:<br>Time:<br>Courtroom:<br>Magistrate:<br><br>Application filed:  January 20, 2010 |

68653 v1

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES……………………………1

I.      INTRODUCTION…………………………….…………………..1

II.     BACKGROUND………………………………………………….1

    A. The Parties………………………………………………………..1

    B. The Underlying Litigation ………………………………………..1

    C. The Ex Parte Application of High Point, S.A.R.L. Pursuant to
       28 U.S.C. § 1782………………………………………….……...2

III.    FACTS AND ARGUMENT…..………………………………………..2

    A.  High Point Has Failed to Meet the Statutory Requirements of 28 U.S.C. §
       1782………………………………………………………………..2

       1.  *Huawei Was Not Found and Does Not Reside in This District*…………2

    B. High Point's Overly Burdensome Discovery Requests
       Compel The Court's Discretion Against High Point's
       Application Pursuant to 28 U.S.C. § 1782……..………………………4

       1.  *High Point's Requests Are Unduly Burdensome*………………………5

       2. *High Point's Requests Are Unduly Intrusive*……………………………7

       3. *The Third Intel Factor Weighs Against High Point's Application*………7

    C. High Point's Requests Improperly Seek to Give Extraterritorial
       Effect to 28 U.S.C. § 1782. ……………………………………...........8

    D. High Point Failed to Effect Service on Huawei……………………………9

IV.    CONCLUSION………………………………………………….......11

ii

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

1

2

# TABLE OF AUTHORITIES

3

**Cases**

4

*Advanced Micro Devices, Inc. v. Intel Corp.,*
    292 F.3d 664 (9th Cir. 2002). …………………..………………….…..8, 9

5

6

*Chase Manhattan Corp. v. Sarrio S.A.,*
    119 F.3d 143 (2d Cir. 1997)……………………………………………….9

7

*Hickory Travel Systems, Inc. v. Tui AG,*
    213 F.R.D. 547 (N.D. Cal. 2003)………………………………...9, 10

8

9

*In re Application of Godrey,*
    526 F. Supp. 2d 417 (S.D.N.Y. 2007)…………………………………..8

10

*In re Application of Morano,*
    2009 WL 482649 (N.D. Cal. 2009) ……..…………………………...4, 5, 7, 8

11

12

*In re Application of Nokia Corp.,*
    2007 WL 1729664 (W.D. Mich. 2007)…………………….……………..3, 4

13

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004)……………………………………………………4, 8

14

15

*Kestrel Coal v. Joy Global,*
    362 F.3d 401 (7th Cir. 2004)……………………………………....4

16

*Norex Petroleum Ltd. v. Chubb Ins. Co.,*
    384 F. Supp. 2d 45 (D.C. Dir. 2005)……………………………………..9

17

18

*Orion Tire Corp. v. General Tire, Inc.,*
    1992 WL 295224 (C.D. Cal. 1992)………….……………………………10

19

**Statutes**

20

28 U.S.C. § 1782…..…………………………………….……….passim

21

**Other Authorities**

22

Federal Rule of Civil Procedure 45……………………..……………………..5

23

24

25

26

27

28

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, before a United States Magistrate Judge, in a courtroom to be determined, located at 1301 Clay Street, Fourth Floor, Oakland, California 94612, specially-appearing applicant Huawei Technologies Co., Ltd. ("Huawei") will request, and hereby does respectfully request, that the Court issue an *ex parte* order quashing High Point, S.A.R.L.'s ("High Point's") subpoena to Huawei and issue a protective order to prevent future similar requests to Huawei. Alternatively, Huawei seeks an *ex parte* order from the Court staying the deposition and production dates dictated by High Point's subpoena pending the hearing on Huawei's motion for an order quashing the subpoena and for a protective order. Huawei respectfully requests this relief on an *ex parte* basis because there is insufficient time before the scheduled deposition and production dates – as set forth in High Point's subpoena – for this matter to be heard on a regularly noticed motion. Should the Court require a hearing date for this matter, Huawei respectfully requests that the Court set the matter for hearing on the earliest-available date on the Court's calendar.

Pursuant to this Court's Standing Orders, Order No. 5, Huawei hereby certifies that it has met and conferred with counsel for High Point regarding the content of this application, including the motion to quash and for a protective order. The parties were unable to resolve this dispute informally, thereby necessitating the instant application.[1]

///

///

///

///

---

[1] This application is timely pursuant to the agreement of counsel for High Point, S.A.R.L. and counsel for Huawei that Huawei's deadline to respond to High Point's subpoena is extended by one week and, hence, the date to respond to the document requests was extended to March 25, 2010.

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

1    This application is based on this notice of application and application; the

2  accompanying memorandum of points and authorities and declarations in support; the

3  pleadings, papers, and records on file in this action; and upon such oral argument and

4  other evidence that the Court may receive at or before any hearing on this application.

5

6  Dated:  March 24, 2010                    Respectfully submitted,

                                             SHOOK, HARDY & BACON L.L.P.
7

8                                            By:_____/s/Douglas W. Robinson_____
9                                                   Douglas W. Robinson
                                             Attorneys for Specially-Appearing
10                                           Applicant Huawei Technologies Co.,
                                             Ltd.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HUAWEI'S EX PARTE APPLICATION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

### I.    INTRODUCTION

On March 3, 2010, the Court granted the *ex parte* Application of High Point, S.A.R.L. Pursuant to 28 U.S.C. § 1782 (the "*Ex Parte* Application") and authorized High Point, S.A.R.L. ("High Point") to serve a subpoena seeking documents and testimony from Huawei Technologies Co., Ltd. ("Huawei"). High Point's *Ex Parte* Application misstates key facts and misrepresents the burdensome nature of the discovery High Point seeks to impose upon a non-party to the underlying action. Furthermore, High Point failed to serve Huawei with the subpoena, but instead served the subpoena upon an employee of a different company with no authority to accept service on behalf of Huawei. Huawei hereby presents its Motion to Quash and for a Protective Order, and would respectfully show the Court as follows:

### II.    BACKGROUND

#### A.    The Parties

High Point purports to be a Luxembourg private limited liability company. (High Point's Memorandum of Law, p. 3.)

Huawei is a corporation duly organized under the laws of the People's Republic of China and domiciled in Shenzen, China. (Declaration of a Gao Feng In Support of Huawei's Application ["Feng Decl."], ¶ 2.)

#### B.    The Underlying Litigation

High Point has sued KPN, B.V. ("KPN") in the Hague District Court in the Netherlands alleging that KPN infringes a patent allegedly owned by High Point. (High Point's Memorandum of Law, p. 3.) Huawei is not a party to the underlying litigation against KPN, although Huawei is a supplier of equipment to KPN. Despite

having already brought two patent infringement actions against KPN, High Point now contends that it requires information of a highly sensitive and confidential nature from Huawei in order to perfect its allegations against KPN.

### C.    The Ex Parte Application of High Point, S.A.R.L. Pursuant to 28 U.S.C. § 1782

On January 20, 2010, High Point filed with the Court an *ex parte* application pursuant to 28 U.S.C. § 1782 accompanied by its Memorandum of Law in Support of the Application of High Point, S.A.R.L. Pursuant to 28 U.S.C. § 1782.   The Court granted High Point's application, at least in part upon consideration of "the Memorandum of Law, and the supporting declarations," on March 3, 2010.  (Order re Application of High Point, S.A.R.L. Pursuant to 28 U.S.C. § 1782, p. 1.)  As will be established below, however, High Point's Memorandum of Law misstated key facts and grossly misrepresented the discovery burden it seeks to impose on Huawei.

Huawei has not previously had the opportunity to apprise the Court of the true nature of Huawei's presence in the Northern District of California (more specifically, its lack thereof) and of the true scope of the discovery sought by High Point.  These facts are set forth below.

### III.    FACTS AND ARGUMENT

### A.    High Point Has Failed To Meet The Statutory Requirements Of 28 U.S.C. § 1782.

#### 1.    *Huawei Was Not Found and Does Not Reside in This District.*

Section 1782 requires that a person "resides or is found" within the district in order for the statute to apply to that person.  28 U.S.C. § 1782.  Huawei, however, neither resides in nor was found in this district, and hence the statutory requirement is not met.

High Point has stated to the Court that Huawei maintains operations at 2330 Central Expressway, Santa Clara, California 95050, and at 1255 Treat Blvd. Suite 308

2

Walnut Creek, California 94597, both of which are in this district.  (High Point's Memorandum of Law, p. 3.)  This is incorrect.  Both the operations in Santa Clara and the operations in Walnut Creek are facilities of FutureWei Technologies, Inc. ("FutureWei"), are maintained by FutureWei, and are staffed by FutureWei employees.  (See Declaration of Tingting Hou in Support of Huawei's Application ["Hou Decl"], ¶¶ 3-4.)  FutureWei is a separate and legally distinct company from Huawei; it is a corporation duly organized under the laws of the State of Texas and has its headquarters located in Plano, Texas.  (*Id.*, ¶ 2.)  Hence, the existence of those FutureWei facilities within this district cannot bring Huawei under the purview of 28 U.S.C. § 1782.

High Point has also argued that Huawei "also conducts business in this district through its wholly owned subsidiary Futurewei Technologies, Inc."  (High Point's Memorandum of Law, p. 3.)  This point is irrelevant, as the residence of a *subsidiary* within a district will not support application of 28 U.S.C. § 1782 to a parent company. *See In re Application of Nokia Corp.*, 2007 WL 1729664 (W.D. Mich. 2007).  In similar circumstances, the district court in *Nokia* originally granted authority to Nokia under Section 1782 to take discovery of Robert Bosch GmbH ("Bosch") on the basis of Nokia's *ex parte* assertions that Bosch resided within the district.  *Id.* at *1-*2.  In granting Bosch's motion to quash, the district court agreed that the activities of Bosch's subsidiaries within the district were unavailing to grant authority under Section 1782, particularly where Bosch and the subsidiaries were legally distinct entities and observed corporate formalities.  *Id.* at *3.

The salient facts that the *Nokia* district court relied upon in concluding that Bosch neither "resides" nor was "found" in the district included that Bosch: (a) was not registered to do business; (b) did not have a registered agent for service of process; (c) did not maintain offices or manufacturing or production facilities; and (d) neither owned nor leased real property, in the district.  Likewise, Huawei is not registered to

3

do business in California.  (Feng Decl., ¶ 3.)  Huawei does not have a registered agent
for service of process in California.  (Feng Decl., ¶ 4.)  Huawei does not maintain
offices, manufacturing facilities, or production facilities in California.  (Feng Decl., ¶
5.)  Under such circumstances, Huawei neither resides nor is found in this district.  *See
Nokia*, 2007 WL 1729664 at *3; *see also Kestrel Coal v. Joy Global,* 362 F.3d 401,
405 (7th Cir. 2004) (Section 1782 "neither instructs, nor permits, courts to disregard
the distinction between the corporation that owns a set of documents, and a different
corporation that owns stock in the first entity" absent a finding of corporate fraud or
piercing the corporate veil).

Because Huawei neither resides nor is found in this district, the statutory
requirements of 28 U.S.C. § 1782 are not satisfied. High Point's subpoena to Huawei
is improper and should be quashed.

**B.      High Point's Overly Burdensome Discovery Requests Compel the**
**         Court's Discretion Against High Point's Application Pursuant to 28**
**         U.S.C. § 1782.**

As shown above, Huawei is neither found nor resides in the district, and hence
the statutory requirements of Section 1782 are not satisfied.  Even if the statute's
requirements were met, however, High Point's application pursuant to Section 1782
should nonetheless be denied.  Application of 28 U.S.C. § 1782 is discretionary.  *Intel
Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).  In deciding
whether to grant authority under section 1782, the Court should consider:

> (1) whether the person from whom discovery is sought is a participant in
> the foreign proceeding;
>
> (2) the nature of the foreign tribunal, the character of the proceedings
> underway abroad, and the receptivity of the foreign government or the
> court or agency abroad to U.S. federal court judicial assistance;
>
> (3) whether the request conceals an attempt to circumvent foreign proof-
> gathering restrictions or other policies of a foreign country or the United
> States; and

4

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

(4) whether the request is unduly intrusive or burdensome.

*In re Application of Marano,* 2009 WL 482649 at *2 (N.D. Cal. 2009) (citing *Intel,* 542 U.S. at 264-65).

Under the Federal Rules, "the issuing court must quash or modify a subpoena that: … (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Given the burdensome nature of High Point's discovery requests as discussed below, the Court should not allow such discovery to go forward.

Given the burdensome nature of High Point's discovery requests, the highly confidential and proprietary nature of the information sought, and High Point's failure to establish that the procedures of the jurisdiction of the underlying litigation are inadequate, the Court should exercise its discretion to not allow such discovery to go forward.

### 1.   *High Point's Requests Are Unduly Burdensome.*

In seeking an application pursuant to Section 1782, High Point characterized its discovery requests as "narrowly-tailored to seek only information relevant to KPN's non-infringement defense based on its use of Huawei's MGW and core network products." (High Point's Memorandum of Law, p. 8.)  At first blush, High Point's discovery requests do appear to be narrowly directed to "KPN Core Network equipment."  (*See* Subpoena from High Point to Huawei [Exhibit A], p. 8.)  However, upon traversing High Point's maze of nested definitions, it becomes clear that the discovery requests cover practically all core network equipment supplied by Huawei, without limitation to the type of equipment, where it is sold, or to whom it is sold.

As just one example, High Point's first request for documents[2] seeks, "The technical specifications and functional description of the KPN Core Network equipment," and then lists eight separate sub-topics.  While the request purports to be

---

[2] A copy of the subpoena issued to Huawei is attached hereto as Exhibit A for the Court's convenience.

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

limited to "KPN Core Network equipment," the Definitions section of the request

recites:

> The terms "KPN Core Network equipment" shall mean the Huawei Core Network equipment *including, without limitation*, Huawei MGWs, that Huawei supplied to KPN.

Exhibit A, p. 3, Definition 10 (emphasis added).

"Huawei Core Network Equipment" is broadened in a previous definition to

include:

> The terms "Huawei MGW" and "Huawei Core Network equipment" mean MGWs and other Core Network equipment supplied by Huawei, *including, without limitation* Huawei's UMG8900 Universal Media Gateway.

Exhibit A, p. 3, Definition 9 (emphasis added).

Finally, the term "Core Network" is defined in an all-encompassing manner, as:

> The term "Core Network" shall mean equipment comprising the central part of a mobile telecommunications network architecture that provides paths for the exchange of information between different sub-networks, and includes the functions of, among others, call control/switching and the provision of gateways to access other networks. Core Network equipment *includes, without limitation*, MGWs and *any other devices involved in the transport of call traffic* between RNCs and a telephone network.

Exhibit A, p. 3, Definition 7 (emphasis added).

When the nested definitions are followed through, High Point's assertedly "narrowly-tailored" request in fact places an undue burden on Huawei to respond with regard to all core network equipment *without limitation*. These requests are not in any way limited to the specific equipment accused in the underlying litigation, or to equipment supplied to KPN. Huawei is potentially in possession of tens of thousands, or more, documents responsive to the overly inclusive requests by High Point.

Although High Point provides some specific examples, by couching them as examples *without limitation*, High Point's requests are overly broad and unduly burdensome and are entirely inconsistent with High Point's characterization of being narrowly tailored. They appear to be more of an attempt for unfettered discovery

6
EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

across Huawei's entire product line.  Such fishing expedition tactics would not likely be allowed if Huawei were a party to litigation with High Point – they clearly should not be allowed in these circumstances.

### 2.    *High Point's Requests Are Unduly Intrusive.*

Huawei is not a party to the underlying litigation between High Point and KPN. Neither Huawei nor its products and services have been accused of infringing the patent being asserted in that litigation.  Nonetheless, High Point seeks from Huawei documents of a highly confidential and proprietary nature.

High Point seeks "technical specifications," "functional descriptions," and "training or product manuals" covering a host of the inner workings of Huawei's equipment.  (Declaration of Zhang Yu ["Yu Decl."], ¶ 3.)  The technical details of Huawei's equipment are highly proprietary and highly confidential.  In fact, many of High Point's requests for production of documents would require the disclosure of valuable trade secrets.  (Yu Decl., ¶ 4.)  Huawei should not be required to produce documents of such a highly sensitive nature, particularly in response to grossly over-reaching requests that go far beyond the issues in the underlying litigation.

### 3.    *The Third Intel Factor Weighs Against High Point's Application.*

The third *Intel* factor for the Court to consider in deciding whether to exercise its discretion is "whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Marano,* 2009 WL 482649 at *2.  Mere conclusory statements of the type High Point has made, that it is not employing the sort of improper tactic the *Intel* court contemplated, are insufficient.  *Id.* at *4.  Rather, the burden rests on High Point to establish that KPN (i.e., the actual party to the underlying litigation) "does not possess the desired information or that any discovery process provided for by [the jurisdiction of the underlying litigation] is inadequate to yield the desired information."  *Id.*

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

1    High Point has failed to demonstrate that the discovery process provided for by

2    the Dutch court is inadequate.  While High Point argues that "Dutch procedural rules

3    do not provide for third-party discovery" (High Point's Memorandum of Law, p. 7),

4    High Point is silent with regard to discovery *on a party to the litigation*.  KPN is a

5    party to the litigation, and as a purchaser and user of Huawei equipment, KPN is in

6    possession of substantial information regarding the relevant core network equipment.

7    High Point's reference to certain informal email requests to KPN hardly establishes

8    High Point is unable to obtain the requested information in the Netherlands.  Absent

9    such evidence, there is "no basis to authorize the issuance of the requested subpoena."

10   *Marano*, 2009 WL 482649 at *4.

11   Furthermore, High Point's application to have this Court (i) impose discovery

12   on a Chinese corporation, (ii) domiciled in China, (iii) that is not otherwise appearing

13   before this Court, (iv) and for which jurisdiction of this Court has not been

14   established, (v) to compel production of documents and testimony from China, is a

15   clear attempt by High Point to circumvent the Hague Convention and other treaties

16   defining the procedures for seeking discovery in a foreign sovereign nation.  This too

17   is contrary to the cautionary language of *Intel* that Section 1782 not be allowed to

18   circumvent foreign proof-gathering restrictions or other policies.  *See Intel*, 542 U.S.

19   at 264-65.

20   **C.    High Point's Requests Improperly Seek To Give Extraterritorial**

21   **Effect to 28 U.S.C. § 1782.**

22   Section 1782 was never intended to have extraterritorial effect.  *See In re*

23   *Application of Godfrey*, 526 F. Supp. 2d 417, 423 (S.D.N.Y. 2007) (citing to

24   legislative history, learned treatises, and the "bulk of authority," in holding "a witness

25   cannot be compelled to produce documents located outside of the United States").  In

26   fact, the Ninth Circuit Court of Appeals has described Section 1782 as legislation

27   "which *permits domestic discovery* for use in foreign proceedings."  *Advanced Micro*

28
8
EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

1    *Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 665 (9th Cir. 2002), *emphasis added, dicta.*

2    In one of the few cases where this issue has come before the Ninth Circuit, the court

3    upheld the magistrate judge's denial of an application pursuant to Section 1782 and

4    noted with approval the magistrate judge's observation "that he did 'not view the

5    purpose of § 1782 as encompassing the discovery of material located in foreign

6    countries.'"   *See also, Chase Manhattan Corp. v. Sarrio S.A.*, 119 F.3d 143, 147 (2d

7    Cir. 1997) (Noting that "despite [Section 1782's] unrestricted language, there is

8    reason to think that Congress intended to reach only evidence located within the

9    United States."); *Norex Petroleum Ltd. v. Chubb Ins. Co.*, 384 F. Supp. 2d 45, 53

10   (D.C. Cir. 2005) ("The Court has found no case in which § 1782 has been used to

11   permit extraterritorial application of § 1782.").

12        High Point's discovery requests to Huawei are an attempt to impermissibly

13   extend the reach of § 1782 to permit extraterritorial application of the statute.  To the

14   extent Huawei is in possession of any responsive documents, those documents are

15   located in the People's Republic of China.  (Yu Decl., ¶ 5.)  Likewise, any Huawei

16   personnel who would be competent to testify to the requested topics for deposition are

17   also located in China.  (Yu Decl., ¶ 6.)  Because § 1782 was not intended and has

18   never been found to have extraterritorial application, High Point's subpoena should be

19   quashed.

20        **D.    High Point Failed To Effect Service On Huawei.**

21        Because Huawei is neither found nor resides in this district, it is not surprising

22   that High Point was unable to serve process on Huawei.  Instead, High Point simply

23   served process on Huawei's subsidiary, FutureWei.  This was improper.

24        "The sufficiency of process in federal courts is determined by Rule 4 of the

25   Federal Rules of Civil Procedure."  *Hickory Travel Systems, Inc. v. Tui AG,* 213

26   F.R.D. 547, 552 (N.D. Cal. 2003).  Assuming solely for the sake of argument that

27   Huawei has sufficient contacts with the United States that service may be completed

28
                                                9
     EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
                                                           10-cv-00273-SBA

within the United States, High Point must nonetheless perfect service of process either (a) according to the state in which the federal court sits, or (b) under an alternative method as provided for in Rule 4(h)(1) of the Federal Rules of Civil Procedure. *See Hickory Travel*, 213 F.R.D. at 552. High Point has failed to comply with either of these methods, however.

California state law does not permit service on a foreign corporation merely by serving process on a domestic subsidiary. *Id.* (citing *Orion Tire Corp. v. General Tire, Inc.*, 1992 WL 295224 at *1 (C.D. Cal. 1992)). Even if FutureWei was presumed to be an alter ego of Huawei, service on FutureWei is not sufficient under California law. *Id.*

In order to avail itself of the alternative service provisions of Rule 4(h)(1), High Point must establish that FutureWei operates as Huawei's agent or alter ego. FutureWei is not authorized to accept service on behalf of Huawei. (Hou Decl., ¶ 5.) Besides a mere conclusory statement that Huawei "conducts business in this district through its wholly owned subsidiary," High Point has failed to offer any evidence suggesting, much less establishing, that FutureWei is the agent or alter ego of Huawei. *See Hickory Travel,* 213 F.R.D. at 552-53. Even the fact that FutureWei is wholly owned by Huawei, as alleged by High Point, is not sufficient to create an agency or alter ego. *Id.* at 554. Because High Point has failed to establish even a *prima facie* case of agency or alter ego, High Point's subpoena should be quashed due to defective service – as well as for the substantive reasons addressed above.

Furthermore, High Point's attempted service can not be characterized as service on Huawei itself. The subpoena was delivered to a FutureWei facility and was left with a FutureWei employee, Bill Lynch. (Declaration of Bill Lynch in Support of Huawei's Application ["Lynch Decl."], ¶¶ 1, 4.) Mr. Lynch is not a Huawei employee, is not authorized to accept service on behalf of Huawei, and does not hold himself out as being so authorized. (Lynch Decl., ¶¶ 2-3.) Mr. Lynch did not identify

10

EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

1  himself as an agent of Huawei or as authorized to accept service on behalf of Huawei

2  to the process server who delivered the High Point subpoenas.  (Lynch Decl., ¶ 4.)

3  **IV.    CONCLUSION**

4           Huawei neither resides nor is found in this district and hence Section 1782 does

5  not apply to Huawei.  Even assuming for the sake of argument that Huawei was found

6  in the district, the Court should exercise its discretion not to authorize High Point's

7  application pursuant to Section 1782 because of the unduly burdensome and intrusive

8  nature of the discovery requests, because High Point has failed to establish it cannot

9  obtain the desired information directly from the party to the underlying litigation, and

10 because High Point's failure to undertake the discovery policies provided for by treaty

11 with China effectively circumvents proof-gathering policies of a foreign country.  This

12 last factor is particularly compounded because the responsive documents and

13 witnesses are located in China – effectively requiring the Court to give extraterritorial

14 effect to the statute despite the clear weight of authority to the contrary that the section

15 was not intended to have such extraterritorial effect.  Finally, the subpoena should be

16 quashed because High Point has failed to effect service on Huawei.

17  ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28
EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1

1       Huawei respectfully requests that the subpoena be quashed and that a protective

2  order be imposed by the Court denying further discovery attempts by High Point

3  directed to Huawei.

4

5  Dated:  March 24, 2010              Respectfully submitted,

6                          SHOOK, HARDY & BACON L.L.P.

7

8                          By:_____/s/Douglas W. Robinson_____
                                   Douglas W. Robinson

9                          Attorneys for Specially-Appearing Applicant
                           Huawei Technologies Co., Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12
EX PARTE APPLICATION TO QUASH SUBPOENA/FOR PROTECTIVE ORDER
10-cv-00273-SBA

68653 v1