UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE APPLICATION OF HIGH POINT S.A.R.L.,<br><br>            Applicant. | No. C10-0273 SBA (BZ)<br><br>**ORDER DENYING FUTUREWEI'S MOTION TO QUASH** |

**IT IS HEREBY ORDERED** that FurtureWei's Motion to Quash High point's subpoena is **DENIED**. The Court finds no need for argument.

To the extent the subpoena is ambiguous, the Court accepts High Point's limitation that it seeks "discovery only relating to those core network products Huawei supplied to KPN, which form the basis of KPN's non-infringement defense." Opposition page 5, Line 8-9. Inasmuch as FurtureWei is not a party to that litigation, High Point shall identify the products which form the basis of KPN's non-infringement defense.

1

FutureWei need not produce any documents which are only in the possession of Huawei in China, unless it has custody or control over those documents.  Ordinarily, a party seeking to compel a subsidiary to produce the documents of a foreign parent has the burden of showing that the documents are within the subsidiary's control, which generally means that the subsidiary has the legal right to obtain the documents upon demand.  See Linde v. Arab Bank, PLC, 262 F.R.D. 136, 141, (E.D.N.Y. 2009).  High Point has not met its burden of showing that FutureWei has control over Huawei documents that are located in China.  But if FutureWei has that right, it shall produce the documents.

To the extent that the documents sought from FutureWei contain confidential or proprietary information, they shall be produced pursuant to paragraph 4 of Judge Armstrong's Order dated March 3, 2010.

It is further **ORDERED** that High Point shall identify the relevant products by **April 9, 2010** and FurtureWei shall respond to the subpoena by **April 23, 2010.**

Dated: April 7, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\IN RE HIGH POINT S.A.R.L\ORD DENY FUTURWEI'S MOT TO QUASH.FINAL VERSION.wpd