UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF HIGH POINT S.A.R.L., <br><br> Applicant. | No. C10-0273 SBA (BZ) <br><br> **ORDER QUASHING HUAWEI SUBPOENA** |

I find no need for a hearing. **IT IS HEREBY ORDERED** that Huawei's Motion to Quash Subpoena is **GRANTED** for the following reasons:

1. The burden of establishing that Huawei is subject to discovery under 28 U.S.C. § 1782 is on High Point. See <u>In re Application of Nokia Corp</u>, 2007 W.L. 1729664, (W.D.MI 2007). Based on the smattering of information High Point has gleaned from the internet, such as the fact that Huawei identifies itself as having a subsidiary or location in California or the fact that there are links between Huawei's and FutureWei's

1

websites, for such purposes as job applications, High Point has not met its burden. On this record, I find that Huawei does not reside in and is not found in this district, as required by 28 U.S.C. §1782.

2.   The subpoena is for a 30b(6) deposition of Huawei to be taken in this district. Even if a foreign corporation is found subject to this Court's long arm jurisdiction, that does not mean that the corporation can be compelled to sit for a deposition in this district or produce documents in this district. See In re Godfrey, 526 F. Supp. 2d 417, 422-23 (S.D.N.Y. 2007) (Moscow executive could not be compelled to travel for deposition or "produce documents located outside of the United States"), Norex Petroleum v. Chubb Ins. Co., 384 F. Supp. 2d 45 (D.D.C. 2005) (non-party could not be compelled to produce foreign parent company's documents located outside of United States). See also Fed. R. Civ. P. 45(c)(3)(A) (non-party witness may not be required to travel more than 100 miles).

3.   This Court has "broad discretion to determine whether, and to what extent, to honor a request for assistance under 28 U.S.C. § 1782." Four Pillars Enterprises v. Avery Dennison Corporation, 308 F.3d 1075, 1078 (9th Cir. 2002).

4.   Serious questions exist whether § 1782 reaches evidence located outside the United States. Four Pillars, supra, at 1079-1080.

For all these reasons, in the exercise of my discretion,
///
///

Huawei's motion to quash is **GRANTED** and the subpoena is **QUASHED**.

Dated: April 8, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\IN RE HIGH POINT S.A.R.L\ORD QUASHING HUAWEI SUBPOENA.wpd