1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11
12

In re Application of HIGH POINT, S.A.R.L.
Pursuant to 28 U.S.C. § 1782,

13

14

Applicant

15
16

Case No. 10-CV-00273 JL

**STIPULATED PROTECTIVE ORDER**

17     1. <u>PURPOSES AND LIMITATIONS</u>

18         Disclosure and discovery activity in this action are likely to involve production of

19 confidential, proprietary, or private information for which special protection from public

20 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

21 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

22 Protective Order. The parties acknowledge that this Order does not confer blanket protections on

23 all disclosures or responses to discovery and that the protection it affords from public disclosure

24 and use extends only to the limited information or items that are entitled to confidential treatment

25 under the applicable legal principles. The parties further acknowledge, as set forth in Section 10,

26 below, that this Stipulated Protective Order does not entitle them to file confidential information

27 under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

28 standards that will be applied when a party seeks permission from the court to file material under

Dechert LLP
Attorneys At Law
Silicon Valley

13796527

Stipulated Protective Order
Case No. 10-CV-00273 SBA

seal.

2. <u>DEFINITIONS</u>

2.1 <u>Dutch Court</u>: The District Court for the Hague, the Netherlands.

2.2 <u>Dutch Proceedings</u>: preliminary relief, patent infringement, and patent validity proceedings between High Point, S.A.R.L. and KPN, B.V. before the Dutch Court, and any appeals from those proceedings

2.3 <u>Party</u>: any party to this action or the Dutch Proceedings, including all of its officers, directors, employees, consultants, retained experts, outside counsel (and their support staff), and foreign counsel (and their support staff).

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.5 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: extremely sensitive information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) and whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL."

2.9 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL."

2.10. <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party to this action and have appeared in this action on behalf of

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 2 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

1  that party or are affiliated with a law firm which has appeared on behalf of that party.

2      2.11 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House

3  Counsel does not include Outside Counsel of Record or any other outside counsel.

4      2.12 <u>Foreign Counsel</u>: attorneys who are not employees of a Party but who are retained to

5  represent or advise a Party in the Dutch Proceedings.

6      2.13 <u>Counsel (without qualifier)</u>: Outside Counsel of Record, House Counsel, and Foreign

7  Counsel (as well as their support staffs).

8      2.14 <u>Party Representative</u>: an individual designated by a Party who (1) is not involved in

9  the design of telecommunications equipment; and (2) who has signed the U.S. Acknowledgment

10 attached hereto (Exhibit A).

11     2.15 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

12 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

13 consultant in this action or the Dutch Proceedings and who is not a past or a current employee of

14 a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to

15 become an employee of a Party or a competitor of a Party's. This definition includes a

16 professional jury or trial consultant retained in connection with this litigation or the Dutch

17 Proceedings.

18     2.16 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

19 photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

20 storing, or retrieving data in any form or medium) and their employees and subcontractors.

21

22     3. <u>SCOPE</u>

23     The protections conferred by this Stipulation and Order cover not only Protected Material

24 (as defined above), but also any information copied or extracted therefrom, as well as all copies,

25 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

26 parties or counsel to or in court or in other settings that might reveal Protected Material.

27

28

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 3 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

4. <u>DURATION</u>

Even after the final disposition of this litigation and the Dutch Proceedings, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL" to each page that contains

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 4 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available may inform the Receiving Party in writing that the documents are being provided in original format subject to a "HIGHLY CONFIDENTIAL" designation and need not affix any legend to individual pages of the documents or materials.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Parties will meet and confer in good faith within 20 days to identify those portions of the transcript that are "HIGHLY CONFIDENTIAL."

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) as "HIGHLY CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 5 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 6 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

1  the movant has complied with the meet and confer requirements imposed in the preceding

2  paragraph and that sets forth with specificity the justification for the confidentiality designation

3  that was given by the Designating Party in the meet and confer dialogue.

4      The burden of persuasion in any such challenge proceeding shall be on the

5  Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass

6  or impose unnecessary expenses and burdens on other parties) may expose the challenging Party

7  to sanctions. Until the Court rules on the challenge, all Parties shall continue to afford the

8  material in question the level of protection to which it is entitled under the Producing Party's

9  designation.

10    .

11        7. ACCESS TO AND USE OF PROTECTED MATERIAL

12      7.1 Basic Principles. A Receiving Party may use Protected Material that is

13  disclosed or produced by another Party or by a non-party in connection with this case only for

14  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

15  disclosed only to the categories of persons and under the conditions described in this Order.

16  When the litigation has been terminated, a Receiving Party must comply with the provisions of

17  section 11, below (FINAL DISPOSITION).

18      Furthermore, a Receiving Party may use Protected Material in prosecuting,

19  defending, or attempting to settle the Dutch Proceedings.  Such Protected Material may be

20  disclosed only to the categories of persons and under the conditions authorized by this Stipulation

21  and Order, by Dutch law, or by the courts presiding over the Dutch Proceedings.

22      Protected Material must be stored and maintained by a Receiving Party at a

23  location and in a secure manner that ensures that access is limited to the persons authorized under

24  this Order.

25      7.2 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

26  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

27  Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

28      (a) the Receiving Party's Outside Counsel of Record in this action, as well

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 7 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the U.S. Acknowledgment (Exhibit A);

(b) the Receiving Party's Foreign Counsel who have signed the Non-U.S. Acknowledgment (Exhibit B), as well as employees of said Receiving Party's Foreign Counsel to whom it is reasonably necessary to disclose the information for the Dutch Proceedings;

(c) up to two individuals designated by the Receiving Party as Party Representatives (as defined in this Order) to whom disclosure is reasonably necessary for the Dutch Proceedings and who have signed the U.S. Acknowledgment (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed either the U.S. Acknowledgment (Exhibit A) or the Non-U.S. Acknowledgment (Exhibit B);

(e) the Court and its personnel;

(f) the Dutch Court, and its personnel, provided that the Party submitting Protected Material in the Dutch Proceedings observes the requirements set forth in Section 7.3 herein;

(g) U.S. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the U.S. Acknowledgment (Exhibit A);

(h) the author of the document or the original source of the information.

7.3 Use of Protected Material in the Dutch Proceedings. A Party wishing to submit Protected Material in the Dutch Proceedings must take all necessary steps to ensure that the Protected Material is not disclosed to any person that is not a Party to the Dutch Proceedings or Foreign Counsel to such a Party, including (i) requesting that the court presiding over the Dutch Proceedings not incorporate the Protected Material in the public version of any opinion, judgment, or court document; (ii) requesting that the court presiding over the Dutch Proceedings conduct any hearings at which Protected Material will be discussed behind closed doors, pursuant to Article 27 of the Dutch Code of Civil Procedure; and (iii) requesting that the court presiding over the Dutch Proceedings impose a duty of secrecy regarding Protected Material pursuant to

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 8 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

1   Article 29 of the Dutch Code of Civil Procedure.

2

3        7.4 <u>Prosecution Bar</u>.  Absent written consent from the Producing Party, any individual

4   who receives access to "HIGHLY CONFIDENTIAL" information shall not be involved in the

5   prosecution of patents or patent applications relating to telecommunications equipment to which

6   the HIGHLY CONFIDENTIAL information provided to him/her is relevant, before any foreign

7   or domestic agency, including the United States Patent and Trademark Office ("the Patent

8   Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

9   amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid

10  any doubt, "prosecution" as used in this paragraph does not include representing a party

11  challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

12  protest, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar shall begin

13  when access to "HIGHLY CONFIDENTIAL" information is first received by the affected

14  individual and shall end two (2) years after final termination of this action and the Dutch

15  Proceedings.

16

17       8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

18  <u>LITIGATION</u>.

19       If a Party is served with a subpoena or a court order issued in other litigation that compels

20  disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL,"

21  that Party must:

22       (a) notify the Designating Party, in writing (by fax, if possible) immediately and in no

23  event more than three court days after receiving the subpoena or order.  Such notification shall

24  include a copy of the subpoena or court order;

25       (b) immediately notify in writing the party who caused the subpoena or order to issue in

26  the other litigation that some or all of the material covered by the subpoena or order is subject to

27  this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

28  and

1    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

2    Designating Party whose Protected Material may be affected.

3        If the Designating Party timely seeks a protective order, the Party served with the

4    subpoena or court order shall not produce any information designated in this action as "HIGHLY

5    CONFIDENTIAL" before a determination by the court from which the subpoena or order issued,

6    unless the Party has obtained the Designating Party's permission.  The Designating Party shall

7    bear the burden and expense of seeking protection in that court of its confidential material – and

8    nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

9    in this action to disobey a lawful directive from another court.

10

11        9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

12        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

13    Material to any person or in any circumstance not authorized under this Stipulated Protective

14    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

15    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

16    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

17    Order, and (d) request such person or persons to execute either the U.S. Acknowledgment

18    (Exhibit A) or the Non-U.S. Acknowledgment (Exhibit B).

19

20        10. <u>FILING PROTECTED MATERIAL</u>.

21        Without written permission from the designating Party or a court order secured after

22    appropriate notice to all interested persons, a Party may not file in the public record in this action

23    any Protected Material. A Party that seeks to file under seal any Protected Material must comply

24    with Civil Local Rule 79-5.

25

26        11. <u>FINAL DISPOSITION</u>.

27        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

28    after the final termination of the Dutch Proceedings, each Receiving Party must return all

Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

     12. <u>MISCELLANEOUS</u>

        12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

        12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 11 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

1

2
Dated:      May 12, 2010                         DECHERT LLP

3                                                By:  /s/ Daniel Epstein
                                                      Daniel Epstein
                                                      Jong P. Hong
4
                                                 Attorneys for Applicant
5                                                HIGH POINT S.A.R.L.

6
Dated:      May 12, 2010                         SLATER & MATSIL, L.L.P.
7
                                                 By:  /s/ Steven H. Slater
8                                                     Steven H. Slater (admitted pro hac vice)

9                                                Attorneys for Specially-Appearing Movant
                                                 FutureWei Technologies, Inc.
10

11
PURSUANT TO STIPULATION, IT IS SO ORDERED.
12
            May 14, 2010
DATED: _ _____          _____
13
                                                 United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

U.S. ACKNOWLEDGMENT

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *In re Application of High Point, S.A.R.L. Pursuant to 28 U.S.C. § 1782*, 10-cv-00273 JL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                                    [printed name]

Signature: _____
                                    [signature]

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527

- 13 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL

EXHIBIT B

NON-U.S. ACKNOWLEDGMENT

I, _____ [print or type full name], of _____

[print or type full address], understand and agree that any information given to me by any counsel

of High Point, S.A.R.L. that is designated "**Protected FutureWei Material**" will be treated as

follows in relation to the preliminary relief, patent infringement, and patent validity proceedings

between High Point, S.A.R.L. and KPN, B.V. before the District Court for the Hague, the

Netherlands (the "**Dutch Court**"), and any appeals from those proceedings (collectively, the

"**Dutch Proceedings**").

[For Dutch counsel only] 1.    I am counsel to High Point Sarl in the Dutch Proceedings.

In addition to my undertakings in paragraphs 2-5 below, I will (i) request that the Dutch Court

presiding over the Dutch Proceedings not incorporate the Protected FutureWei Material in the

public version of any opinion, judgment, or court document; (ii) request that the Dutch Court

presiding over the Dutch Proceedings conduct any hearings at which Protected FutureWei

Material will be discussed behind closed doors, pursuant to Article 27 of the Dutch Code of Civil

Procedure; and (iii) request that the Dutch Court presiding over the Dutch Proceedings impose a

duty of secrecy regarding the Protected FutureWei Material pursuant to Article 29 of the Dutch

Code of Civil Procedure.

2.      I will not use the Protected FutureWei Material other than in relation to the Dutch

Proceedings.

3.      I will do my best to store Protected FutureWei Material safely.

4.      When the Dutch Proceedings finally terminate, I will return all Protected

FutureWei Material (and any copies) to the person who gave them to me.

1

2          5.      I will comply with all other obligations imposed upon me by the Dutch Court.

3

4

5

6     Date: _____

7

8     Printed name: _____
                            [printed name]

9     Signature: _____
10                          [signature]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

13796527                          - 15 -

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00273 JL